**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Row 44, Inc. |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-8782959 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **6080 Center Drive** **Suite 1200** **Los Angeles, CA 90045** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles** County | **Location of principal assets, if different from principal place of business** **1000 Oak Creek Drive Lombard, IL 60148** Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)        www.globaleagle.com

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Row 44, Inc.**                                              Case number (*if known*) _____
         Name

**7.** **Describe debtor's business**      A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5179**

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**      *Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Schedule 1** | Relationship | **Affiliate** |
| District | _____ | When | _____ | Case number, if known | _____ |

Debtor  **Row 44, Inc.**

Name

Case number (*if known*) _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

    Contact name _____

    Phone _____

███  **Statistical and administrative information**    (on a consolidated basis)

**13. Debtor's estimation of available funds**   .

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☑ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☑ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☑ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Row 44, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on    **July 22, 2020**
                MM / DD / YYYY

**X** **/s/ Christian M. Mezger**                          **Christian M. Mezger**
Signature of authorized representative of debtor         Printed name

Title    **Chief Financial Officer**

---

**18. Signature of attorney**

**X** **/s/ Michael R. Nestor**                          Date    **July 22, 2020**
Signature of attorney for debtor                                 MM / DD / YYYY

**Michael R. Nestor**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**          Email address    **mnestor@ycst.com**

**3526 DE**
Bar number and State

## <u>SCHEDULE 1</u>

**Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates**

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") commenced with the United States Bankruptcy Court for the District of Delaware voluntary cases under chapter 11 of title 11 of the United States Code.  The Debtors are seeking to have their chapter 11 cases jointly administered for procedural purposes only under the case number assigned to Global Eagle Entertainment Inc.

| |
|---|
| Airline Media Productions, Inc. |
| Emerging Markets Communications, LLC |
| Entertainment in Motion, Inc. |
| Global Eagle Entertainment Inc. |
| Global Eagle Entertainment Operations Solutions, Inc. |
| Global Eagle Services, LLC |
| Global Eagle Telecom Licensing Subsidiary LLC |
| IFE Services (USA), Inc. |
| Inflight Productions USA Inc. |
| Maritime Telecommunications Network, Inc. |
| MTN Government Services, Inc. |
| MTN International, Inc. |
| MTN License Corp. |
| N44HQ, LLC |
| Post Modern Edit, Inc. |
| Row 44, Inc. |
| The Lab Aero, Inc. |

**OMNIBUS WRITTEN CONSENT OF**
**THE APPROVING PARTY**
**OF**
**EACH COMPANY LISTED BELOW**

**July 21, 2020**

The undersigned, being (i) each member of the board of directors, or (ii) the managers or Managing Member, as applicable, (in each case, an "**Approving Party**" and, collectively, the "**Approving Parties**") of

| | |
|---|---|
| (i) | Airline Media Productions, Inc. |
| (ii) | Emerging Markets Communications, LLC |
| (iii) | Entertainment in Motion, Inc. |
| (iv) | Global Eagle Entertainment Operations Solutions, Inc. |
| (v) | Global Eagle Services, LLC |
| (vi) | Global Eagle Telecom Licensing Subsidiary LLC |
| (vii) | IFE Services (USA), Inc. |
| (viii) | Inflight Productions USA Inc. |
| (ix) | Maritime Telecommunications Network, Inc. |
| (x) | N44HQ, LLC |
| (xi) | MTN Government Services, Inc. |
| (xii) | MTN International, Inc. |
| (xiii) | MTN License Corp. |
| (xiv) | Post Modern Edit, Inc. |
| (xv) | Row 44, Inc. |
| (xvi) | The Lab Aero, Inc. |

 (each such entity, a "**Company**" and together, collectively, the "**Companies**"), do hereby consent to, adopt and approve, ratify and confirm by unanimous written consent, in each case pursuant to and in accordance with (a) the provisions of such Company's (i) articles of incorporation or certificate of formation, as applicable, and (ii) bylaws or limited liability company agreement, as applicable and (b) the Limited Liability Company Act of the State of Delaware, the General Corporation Law of the State of Delaware, the California Corporations Code, the Colorado Corporations and Associations Act, or the Washington Business Corporation Act, as applicable, the following resolutions and authorize the taking of all actions contemplated hereby:

**WHEREAS**, the Approving Party of each Company has had the opportunity to consult with management and the legal and financial advisors of such Company to fully consider, and have considered, the strategic alternatives available to such Company;

**WHEREAS**, on or about April 17, 2020, the Board of Directors (the "**Board**") of Global Eagle Entertainment Inc. ("**GEE**"), a direct or indirect parent of each Company, established a committee of the Board (the "**Strategic Transaction Committee**"), consisting of at least three Qualified Independent Directors (as defined in the unanimous written consent establishing such committee). In addition to approval of the Board, the Strategic Transaction Committee's approval

is required in connection with any financing, recapitalization, strategic transactions and other similar opportunities and transactions for GEE and each Company (a "**Transaction**");

**WHEREAS**, the Approving Party of each Company understands that the Strategic Transaction Committee supports and intends to approve the Transactions contemplated herein concurrently; and

**WHEREAS**, the Approving Party of each Company desires to approve the following resolutions.

## I.        Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Approving Party of each Company has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any officer of such Company (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of such Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with such Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, (a) the payment of fees, costs, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, filing and/or recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices, and instruments (or any amendments, supplements or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

## II.       Restructuring Support Agreement

**RESOLVED**, that in connection with the Chapter 11 Case, that the Approving Party of each Company has determined it is in the best interests of each Company to enter into a restructuring support agreement (together with any exhibits and other attachments annexed thereto, including, without limitation, the Bidding Procedures and Asset Purchase Agreement, the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Approving Party of such Company (with such changes as may be approved pursuant to the delegation set forth herein); and be it further;

**RESOLVED**, that, the Approving Party of each Company hereby delegates to each Authorized Officer the authority to approve the form, terms, and provisions of the Restructuring

Support Agreement and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it further

**RESOLVED**, that any Authorized Officer of a Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement together with such other documents, agreements, instruments, notices, and certificates as may be required by the Restructuring Support Agreement; and be it further

**RESOLVED**, that any Authorized Officer of a Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## III.    **Debtor-in-Possession Financing**

RESOLVED, that in connection with the Chapter 11 Case, the Approving Party of each Company has determined that it is in the best interests of each Company to consummate the transactions under (i) that certain senior secured super priority debtor-in-possession credit facility consisting of a term loan credit facility of up to $80 million, to be evidenced by that certain Senior Secured Super Priority Debtor-In-Possession Credit Agreement, by and among, GEE, the subsidiaries of GEE party thereto, the lenders from time to time party thereto, and Citibank, N.A., as administrative agent and collateral agent (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") on terms and conditions substantially similar to those set forth in the form of DIP Credit Agreement previously provided to the Approving Party of each Company (with such changes as may be approved pursuant to the delegation set forth herein) subject to approval by the Bankruptcy Court and (ii) that certain senior secured super priority debtor in-possession letter of credit facility providing for letters of credit in an aggregate face amount up to $10 million that will be cash collateralized with the proceeds of the loans made under the DIP Credit Agreement, to be evidenced by a letter of credit reimbursement agreement, by and between the GEE and Citibank, N.A., as issuing bank (together with the Exhibits and Schedules annexed thereto, the "**DIP Letter of Credit Facility**") on terms and conditions described in the interim order granting the motion for approval of the debtor-in-possession (with such changes and additional terms as may be approved pursuant to the delegation set forth herein), and subject to approval of the Bankruptcy Court, which, in each case, are necessary and appropriate to the conduct of the business of the Company (collectively, the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that, the Approving Party of each Company hereby delegates to each Authorized Officer of each Company the authority to approve the form, terms and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Case and such other uses as described in the DIP Credit Agreement or DIP Letter of Credit Facility, any and all of guarantees, security agreements, pledge agreements,

reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and/or filed, registered or recorded in connection with the Debtor-in-Possession Financing (collectively, the "**DIP Financing Documents**") or that may be necessary, appropriate, desirable, or advisable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Financing Document; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Financing Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Financing Document, in accordance with the terms hereof; and be it further

**RESOLVED**, that any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement and any other DIP Financing Document and/or any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

IV.     **Retention of Advisors**

**RESOLVED**, that, in connection with each Company's Chapter 11 Case, any Authorized Officer of each Company, in each case, acting singly or jointly, be, and each hereby is, authorized empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable or desirable in connection with the Chapter 11 Case and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the firm of Latham & Watkins LLP is hereby retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Young Conaway Stargatt & Taylor LLP is hereby retained as legal counsel for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Greenhill & Co., LLC is hereby retained as investment banker for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal North America, LLC is hereby retained as financial advisor for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC is hereby retained as claims, noticing, and solicitation agent and administrative advisor in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of PricewaterhouseCoopers LLP, is hereby retained as tax advisor for the Company in connection with the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## V.    <u>Amendments to Existing Credit Agreement</u>

**RESOLVED**, that, in connection with each Company's Chapter 11 Case, the prior negotiation, execution and delivery of any amendments, supplements or modifications to that certain Credit Agreement, dated as of January 6, 2017, by and among the GEE, the subsidiaries of GEE party thereto, the lenders and letter of credit issuers party thereto and Citibank, N.A., as administrative agent, and the performance by the Company of its obligations thereunder, are hereby deemed to be in the best interests of the Company and are hereby ratified, approved, confirmed and reaffirmed in all respects; and be it further

## VI.    <u>General Authorization and Ratification</u>

**RESOLVED**, that any Authorized Officer of a Company, in each case acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, register and/or record, and perform, such agreements, instruments, motions, affidavits, rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, advisable, or desirable in connection with the Chapter 11 Case, the Restructuring Support Agreement and the DIP Credit Agreement or any other DIP Financing Document, or any of the transactions contemplated by the foregoing; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer of a Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed, and approved in all respects; and be it further

**RESOLVED**, any Authorized Officer of a Company is authorized to place a copy of these resolutions in the official records of such Company to document the actions set forth herein as actions taken by the Approving Party of such Company.

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Airline Media Productions, Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

_____

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0...

_____

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Emerging Markets Communications, LLC have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D86DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Entertainment in Motion, Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Global Eagle Entertainment Operations Solutions, Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D86DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being the sole Manager of Global Eagle Services, LLC has executed this written consent as of the date first written above.

**ROW 44, INC.**

By: _____
    Christian Mezger
    414375DDCB8E482...

Name: Christian Mezger

Title: Chief Financial Officer

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being the Managers of Global Eagle Telecom Licensing Subsidiary, LLC have executed this written consent as of the date first written above.

Christian Mezger

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of IFE Services (USA), Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Inflight Productions USA Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Maritime Telecommunications Network, Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being the Managing Member of N44HQ, LLC has executed this written consent as of the date first written above.

**Row 44, Inc.**

By: _Christian Mezger_

414375DDCB8E482

Name: Christian Mezger

Title: Chief Financial Officer

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of MTN Government Services, Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of MTN International, Inc. have executed this written consent as of the date first written above.

Christian Mezger

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of MTN License Corp. have executed this written consent as of the date first written above.

_Christian Mezger_
414375DDCB8E482...
Christian Mezger

_Kim Nakamaru_
E95D85DA99EA4B0...
Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Post Modern Edit, Inc. have executed this written consent as of the date first written above.

Christian Mezger

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of Row 44, Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

IN WITNESS WHEREOF, the undersigned being all the members of the board of directors of The Lab Aero, Inc. have executed this written consent as of the date first written above.

DocuSigned by:

*Christian Mezger*

414375DDCB8E482...

Christian Mezger

DocuSigned by:

*Kim Nakamaru*

E95D85DA99EA4B0...

Kim Nakamaru

[SIGNATURE PAGE TO OMNIBUS WRITTEN CONSENT]

| Fill in this information to identify the case: |
| --- |
| Debtor name: Global Eagle Entertainment Inc. |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (If known): TBD |

☐ Check if this is an amended filing

Modified Form 204

# Chapter 11 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**The Debtor and its debtor affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is a consolidated list of the Debtors' creditors holding the 30 largest unsecured claims based on the Debtors' books and records estimated as of the petition date. This list is prepared in accordance with Bankruptcy Rule 1007(d) for filing in these chapter 11 cases. The list does not include: (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy C24 Code; (2) secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims; or (3) claims held by the Debtors' employees. The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim. claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the Claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION 425 WALNUT STREET CINCINNATI, OH 45202 | Attn: MICHAEL DEBOIS Title: CHIEF COUNSEL - GLOBAL CORPORATE TRUST SERVICES Phone: (513) 458-7924 Email: MICHAEL.DEBOIS@USBANK.COM Fax: (612) 303-0782 | 2.75% CONVERTIBLE SENIOR NOTES DUE 2035 | | | | $    82,500,000 |
| 2 | NEW SKIES SATELLITES B.V. CHÂTEAU DE BETZDORF RUE PIERRE WERNER 6815 BETZDORF,  2517 LUXEMBOURG | Attn: STEVE COLLAR Title: CEO Phone: 352 71 07 25 227 Email: STEVE.COLLAR@SES.COM Fax: (352) 710-725-227 | TRADE PAYABLES | | | | $    26,614,764 |
| 3 | INTELSAT USA SALES CORP 7900 TYSONS ONE PLACE MCLEAN, VA 22102-5972 | Attn: STEVE SPENGLER Title: CEO & DIRECTOR Phone: (703) 559-6800 Email: STEVE.SPENGLER@INTELSAT.COM | TRADE PAYABLES | | | | $    9,750,453 |
| 4 | STAR SATELLITE COMMUNICATIONS COMPANY AL FALAH CITY ABU DHABI, UNITED ARAB EMIRATES | Attn: MASOOD MAHMOOD Title: CEO Phone: 971 2 510 0000 Email: MMAHMOOD@YAHSAT.AE Fax: 971 2 510 0000 | TRADE PAYABLES | | | | $    3,565,127 |
| 5 | BMG RIGHTS MANAGEMENT (US) LLC 6100 WILSHIRE BOULEVARD SUITE #1600 LOS ANGELES, CA 90048 | Attn: HARTWIG MASUCH Title: CEO Phone: (212) 561-3000 Email: HARTWIG.MASUCH@BMG.COM Fax: (323) 969-0968 | LICENSING FEES | | | | $    3,500,000 |
| 6 | HUGHES NETWORK SYSTEMS 11717 EXPLORATION LANE GERMANTOWN, MD 20876 | Attn: PRADMAN KAUL Title: PRESIDENT & CEO Phone: (301) 428-5500 Email: PRADMAN.KAUL@HUGHES.COM Fax: (301) 428-1868 | TRADE PAYABLES | | | | $    3,056,370 |
| 7 | TELESAT INTERNATIONAL LIMITED 160 ELGIN STREET SUITE 2100 OTTAWA, ON K2P 2P7 CANADA | Attn: DANIEL S. GOLDBERG Title: PRESIDENT & CEO Phone: (613) 748-0123 Email: DGOLDBERG@TELESAT.COM Fax: (613) 748-8712 | TRADE PAYABLES | | | | $    2,505,555 |

Debtor __Global Eagle Entertainment Inc.__                                                                                    Case number (if known): TBD

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the Claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | QEST QUANTENELEKTRONISCHE SYSTEME GMBH MAX-EYTH-STR. 38 GEOPARK II, ENTRANCE B, GROUND FLOOR HOLZGERLINGEN, 71088 GERMANY | Attn: MICHAEL STOBINSKI Title: CCO Phone: 49 7031 20495100 Email: MICHAEL.STOBINSKI@QEST.DE Fax: 49 7031 20495100 | TRADE PAYABLES | | | | $    1,979,500 |
| 9 | LIONSGATE ENTERTAINMENT 2700 COLORADO AVENUE, 2ND FLOOR SANTA MONICA, CA 90404 | Attn: NATHAN KAHANE Title: PRESIDENT Phone: (310) 449-9200 Email: INVESTORRELATIONS@LIONSGATE.COM Fax: (310) 496-1319 | TRADE PAYABLES | | | | $    1,907,601 |
| 10 | SANTANDER TELEPORT ALBERT EINSTEIN 44 SCIENTIFIC AND TECHNOLOGICAL PARK OF CANTABRIA (PCTCAN) SANTANDER, 39011 SPAIN | Attn: CARLOS RABA ORUÑA Title: MANAGING DIRECTOR & CFO Phone: 34 942 01 63 46 Email: CARLOS@SANTANDERTELEPORT.COM | TRADE PAYABLES | | | | $    1,879,236 |
| 11 | KPMG 550 SOUTH HOPE STREET SUITE 1500 LOS ANGELES, CA 90071 | Attn: RAYMOND S. ANDERSON Title: PARTNER Phone: (203) 979-8830 Email: RANDERSON@KPMG.COM Fax: (213) 622-1217 | TRADE PAYABLES | | | | $    1,311,845 |
| 12 | SONY/ATV 25 MADISON AVE. 24TH FLOOR NEW YORK, NY 10010 | Attn: JON PLATT Title: CHAIRMAN & CEO Phone: (212) 833-7730 Email: JON.PLATT@SONYATV.COM Fax: (212) 930-9725 | LICENSING FEES | | | | $    1,200,000 |
| 13 | AMERICAN AIRLINES, INC. 1 SKYVIEW DRIVE FORT WORTH, TX 76155 | Attn: ROBERT ISOM Title: PRESIDENT Phone: (817) 963-1234 Email: ROBERT.ISOM@AA.COM Fax: (817) 967-9641; (480) 693-5546 | TRADE PAYABLES | | | | $    1,137,600 |
| 14 | ARABSAT DIPLOMATIC QUARTER, ALFAZARI SQUARE ABDULLA BIN HUTHAFA AL SAHMY STREET PUBLIC PENSION AGENCY COMPLEX, C-6 RIYADH, 11431 SAUDI ARABIA | Attn: MOHAMED BENAICHOUCHE Title: CIO Phone: 966 11 482 0000 Email: MOHAMEDB@ARABSAT.COM Fax: 966 11 488 7999 | TRADE PAYABLES | | | | $    1,046,623 |
| 15 | ASIA BROADCAST SATELLITE LIMITED OHARA HOUSE 3 BERMUDIAN ROAD HAMILTON,  HM08 BERMUDA | Attn: STEPHEN SALEM Title: GENERAL COUNSEL Phone: 1 63 47 252 9012 Email: INFO@ABSATELLITE.COM Fax: 63 47 252-9002 | TRADE PAYABLES | | | | $       964,770 |
| 16 | WARNER MUSIC GROUP 1633 BROADWAY NEW YORK, NY 10019 | Attn: PAUL ROBINSON Title: EVP & GENERAL COUNSEL Phone: (818) 238-6320 Email: PAUL.ROBINSON@WMG.COM Fax: (212) 954-5489 | LICENSING FEES | | | | $       818,610 |
| 17 | INNOVA SOLUTIONS 2400 MEADOWBROOK PARKWAY DULUTH, GA 30096 | Attn: RAJKUMAR VELAGAPUDI Title: PRESIDENT & CEO Phone: (770) 493-5588 Email: RAJKUMAR.VELAGAPUDI@INNOVASOLUTIONS.COM | TRADE PAYABLES | | | | $       693,484 |

Debtor __Global Eagle Entertainment Inc.__                                                                                   Case number (if known): TBD

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the Claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | PARAMOUNT PICTURES THE STUDIOS AT PARAMOUNT 5555 MELROSE AVENUE HOLLYWOOD, CA 90038 | Attn: EMMA WATTS Title: PRESIDENT Phone: (323) 956-5000 Email: EMMA_WATTS@PARAMOUNT.COM Fax: (323) 956-0121 | TRADE PAYABLES | | | | $    590,548 |
| 19 | HERCULES FILM INVESTMENTS SARL 5 RUE JEAN MONNET, LUXEMBOURG | Attn: PRESIDENT OR GENERAL COUNSEL | TRADE PAYABLES | | | | $    584,320 |
| 20 | AEROCONSEIL SAS 3 RUE DIEUDONNE COSTES BLAGNAC, 31703 FRANCE | Attn: LIAM BOLLAND Title: COO Phone: 33 5 67 20 80 00 Email: LIAM.BOLAND@AERLINGUS.COM Fax: 33 56 720 8501 | TRADE PAYABLES | | | | $    556,305 |
| 21 | FOX INTERNATIONAL CHANNELS (US) INC 10201 W. PICO BLVD LOS ANGELES, CA 90064-2606 | Attn: RUPERT MURDOCH Title: CHAIRMAN Phone: (310) 369-8759 | TRADE PAYABLES | | | | $    548,824 |
| 22 | UNIVERSAL MUSIC GROUP 2220 COLORADO AVENUE SANTA MONICA, CA 90404 | Attn: BOYD MUIR Title: EVP & CFO Phone: (818) 286-7420 Email: BOYD.MUIR@UNIVERSALMUSIC.COM Fax: (310) 235-4907 | LICENSING FEES | | | | $    545,642 |
| 23 | TRANS WORLD INTERNATIONAL LLC 200 5TH AVE 7TH NEW YORK, NY 10010 | Attn: GEORGE PYNE Title: PRESIDENT Phone: (212) 489-8300 | TRADE PAYABLES | | | | $    544,642 |
| 24 | BOEING 100 NORTH RIVERSIDE PLAZA CHICAGO, IL 60606 | Attn: ANAND MAHENDRA Title: CFO Phone: (425) 965-4000 Email: ANAND.MAHENDRA@BOEING.COM Fax: (202) 358-4338 | TRADE PAYABLES | | | | $    535,651 |
| 25 | A24 FILMS LLC 31 WEST 27TH ST. 11TH FLOOR NEW YORK, NY 10001 | Attn: DAVID FENKEL Title: CO-FOUNDER & PARTNER Phone: (646) 568-6015 Email: DAVID.FENKEL@GMAIL.COM | TRADE PAYABLES | | | | $    518,738 |
| 26 | MICROSOFT CORPORATION ONE MICROSOFT WAY REDMOND, WA 98052 | Attn: AMY HOOD Title: CFO Phone: (425) 882-8080 Email: AMYHOOD@MICROSOFT.COM Fax: (725) 936-7329 | TRADE PAYABLES | | | | $    484,836 |
| 27 | SCRIPPS NETWORKS 9721 SHERRILL BLVD KNOXVILLE, TN 37932 | Attn: KENNETH W. LOWE Title: CEO Phone: (865) 694-2700 Email: KLOWE@SCRIPPSNETWORKS.COM Fax: (865) 985-7778 | TRADE PAYABLES | | | | $    481,687 |
| 28 | CBS INC. 51 W. 52ND STREET NEW YORK, NY 10019 | Attn: ROBERT BAKISH Title: PRESIDENT & CEO Phone: (212) 975-4321 Email: ROBERT.BAKISH@VIMN.COM Fax: (212) 975-4321 | TRADE PAYABLES | | | | $    448,963 |

Debtor __Global Eagle Entertainment Inc.__                                                                                        Case number (if known): TBD

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the Claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | KONTRON AMERICA 9477 WAPLES STREET SAN DIEGO, CA 92121 | Attn: HANNES NIEDERHAUSER Title: CHAIRMAN OF THE MANAGEMENT BOARD & CEO Phone: (888) 294-4558 Email: HANNES.NIEDERHAUSER@KONTRON.COM Fax: (858) 677-0898 | TRADE PAYABLES | | | | $        439,300 |
| 30 | TURKISH AIRLINES TECHNIC INC. TÜRK HAVA YOLLARI TEKNIK A.Ş. SABIHA GÖKÇEN ULUSLARARASI HAVALIMANI NO:3 E KAPISI 34912 PENDIK ISTANBUL, TURKEY | Attn: MEHMET ILKER AYCI Title: CHAIRMAN OF THE BOARD & THE EXECUTIVE COMMITTEE Phone: 90 216 585 98 00 Email: MEHMET.ILKER@TURKISHTECHNIC.COM Fax: 90 216 585 98 18 | TRADE PAYABLES | | | | $        435,794 |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced.

**Fill in this information to identify the case and this filing:**

Debtor Name    Row 44, Inc.

United States Bankruptcy Court for the District of Delaware

Case number *(if known)*: _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)

☐    Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐    Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐    Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐    Schedule H: Codebtors (Official Form 206H)

☐    Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐    Amended Schedule ____

☒    Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/22/2020            X    /s/ Christian M. Mezger
                MM/DD/YYYY                    Signature of individual on behalf of debtor

                                            Christian M. Mezger
                                            Printed name

                                            Chief Financial Officer
                                            Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                           :
In re:                                     :   Chapter 11
                                           :
ROW 44, INC.,                              :   Case No. 20-_____  (___)
                                           :
                Debtor.                    :   Tax I.D. No. 20-8782959
                                           :
-------------------------------------------------------- x
```

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Fed. R. Bankr. P. 1007(a)(3), provided below are holders of any class of Row 44, Inc.'s equity securities.

| Holder | Address | Class of Interest | Units |
|---|---|---|---|
| Global Eagle Entertainment Inc. | 6080 Center Drive, Suite 1200, Los Angeles, California 90045 | Common stock | 100% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------- x
                                            :
In re:                                      :    Chapter 11
                                            :
ROW 44, INC.,                               :    Case No. 20-_____ (___)
                                            :
              Debtor.                       :    Tax I.D. No. 20-8782959
                                            :
---------------------------------------------------------- x
```

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1, provided below are the corporations, other than governmental units, that directly or indirectly own 10% or more of any class of Row 44, Inc.'s equity interests.

| Holder | Address | Percentage of Equity Held |
|---|---|---|
| Global Eagle Entertainment Inc. | 6080 Center Drive, Suite 1200, Los Angeles, California 90045 | 100% |

**Fill in this information to identify the case:**

Debtor name    **Row 44, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Corporate Ownership Statement, List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 22, 2020**          X **/s/ Christian M. Mezger**
                                              Signature of individual signing on behalf of debtor

                                          **Christian M. Mezger**
                                          Printed name

                                          **Chief Financial Officer**
                                          Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**